**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Gordon Moores, III<br>and<br>Amanda Moores<br><br>           Debtors | Chapter 13<br>Case No. 18-10716 |

### ORDER GRANTING, IN PART, FEE APPLICATION
### OF MOLLEUR LAW OFFICE

On March 1, 2024, Molleur Law Office filed its final application for compensation [Dkt. No. 60] ("Fee Application") in connection with representation of one of the debtors, Amanda Moores. The Fee Application is granted, in part, as set forth in this Order. Molleur Law Office is awarded $6,972.50 as reasonable compensation for actual, necessary services rendered, and $390.91 as reimbursement for actual, necessary expenses, for a total award of $7,363.41. This award is made under 11 U.S.C. § 330(a)(4)(B).

In making this award, the Court has disallowed $108.00 in fees because certain services rendered were unnecessary. *See* 11 U.S.C. § 330(a)(1)(A). The affected billing detail entries are listed below. Each entry relates to a motion [Dkt. No. 53] in which Ms. Moores purported to seek "a status conference to determine if she can obtain a discharge." No legal basis was cited for requesting a status conference rather than filing a motion to request the entry of a discharge—which would put the matter squarely before the Court—as Ms. Moores did after her request for a status conference was denied.

1

| Date | Notes | Time Keeper | Quantity | Total |
|---|---|---|---|---|
| 02/02/2024 | Prepare Motion for Status Hearing (.3), email to attys to review and revise (.1) | DK | 0.40 | $48.00 |
| 02/02/2024 | Review email from TS re Mot for Status Conf, finalize Motion and COS | DK | 0.20 | $24.00 |
| 02/02/2024 | Email to client with copy of Motion for Status Conf filed this date | DK | 0.10 | $12.00 |
| 02/05/2024 | Review email from client re status conf, reply re same | DK | 0.10 | $12.00 |
| 02/07/2024 | Review Order Denying Request for a Status Conference, email JGH re same | DK | 0.10 | $12.00 |

The Court has also disallowed the $250.00 in "estimated fees" requested in paragraph 13 of the Fee Application for "services necessary to file and prosecute a motion for discharge, including client follow up, execution of documents, and additional services regarding case completion, including the debtor education certificate." Such a motion [Dkt. No. 56] and certificate [Dkt. No. 52] were filed before the Fee Application was filed. The billing detail attached to the Fee Application indicates that fees were already charged for services rendered accordingly. Thus, to some extent, the requested estimated fees appear to be duplicative of requested actual fees. To the extent that any estimated fees are not duplicative, the Fee Application lacks sufficient information for the Court to determine whether reasonable compensation is being requested for actual, necessary services rendered.[1] See 11 U.S.C. § 330(a)(1)(A).

Dated: March 28, 2024

                                              Michael A. Fagone
                                              United States Bankruptcy Judge
                                              District of Maine

---

[1] Further, after the Fee Application was filed, Ms. Moores was granted a discharge without the Court holding a hearing on her unopposed motion for discharge. Thus, no additional services became necessary for prosecuting that motion.